NOTE CHANGES MADE BY THE COURT.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANDWAY HONDURAS, LLC, a Utah limited liability company, and GLOVEABLES,INC., a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>TWO LUMPS OF SUGAR, LTD., a New York Corporation,<br><br>Defendant. | Case No. CV 09-6049 GHK (PLAx)<br><br>[~~Proposed~~] STIPULATED PROTECTIVE ORDER |
| TWO LUMPS OF SUGAR, LTD.<br><br>Counterclaimant,<br><br>vs.<br><br>GRANDWAY HONDURAS, LLC, and GLOVEABLES, INC.,<br><br>Counterdefendants. | |

STIPULATED PROTECTIVE ORDER

# 1    Purposes and limitations

The purpose of this Stipulated Protective Order is to provide a means for limiting access to, and use and disclosure of, Confidential or Highly Confidential information that is produced in this action. Any unauthorized disclosure of Confidential or Highly Confidential information in violation of this Order may be subject to discipline by the contempt powers of this Court.

# 2    Information and Documents to be Provided and Produced Under this Protective Order

Both Parties intend to serve extensive discovery requests in this action and request at least one deposition of a representative of the other party. Due to the claims alleged by the Plaintiffs in their second amended complaint, and the Defendant in its Counterclaim, discovery in this case will involve the production of sensitive and confidential materials of both Parties. Specifically, the types of information and documents which may be produced in this action include: (1) details on the design and development strategies and considerations undertaken by the Parties; (2) customer lists; (3) information related to vendors and suppliers used by the Parties; (4) research and development materials; (5) details related to the Parties' sale of products; (6) the price points at which various products of the Parties is sold; (7) the revenue generated from the sale of specific designs and/or products; and (13) possibly "trade secrets" as that term is defined in California Civil Code section 3426.1.

# 3    Good Cause Statement

Good cause exists for the entry of a protective order in this case. Specifically, in the course of discovery, both Parties are obligated to provide responses to interrogatories and produce documents in response to document requests that contain confidential information that the Parties do not ordinarily make available to the

1

public. Public disclosure of the information and documents as detailed in section II herein, would cause the respective parties significant prejudice.

Specifically, the public disclosure of the type of information and documents detailed above would greatly impact each Party's competitive position in the marketplace by making certain confidential information known to the Party's competitors. Significantly, the public disclosure and dissemination of designs, advertising and marketing strategies, customer lists and the selection and adoption criteria by which the Parties make strategic decisions related to product designs would expose to the public aspects of the Parties respective operations that the Parties have invested significant resources on developing and keeping confidential. The Parties understand and agree that the public disclosure of this type of information and documents would cause irreparable harm. Therefore, and based on the above reasoning, there exists good cause for the entry of a protective order in this particular case.

## 4   Definitions

**4.1   Party:** all parties to this action and anyone else acting upon their behalf or at their direction or control, including, but not limited to, their officers, directors, employees, consultants, retained experts, as well as Counsel and their support staff.

**4.2   Discovery Material:** all items or information, regardless of the medium or manner generated, stored, or maintained (including, but not limited to, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery.

**4.3   Confidential:** designation indicating information or items (regardless of how generated, stored or maintained) that qualify for protection under standards developed under Rule 26(c) of the Federal Rules of Civil Procedure.

2

1    **4.4    Highly Confidential:**  designation indicating extremely sensitive Confidential
2    information whose disclosure to another Party or non-party would create a substantial
3    risk of serious injury that could not be avoided by less restrictive means.

4    **4.5    Receiving Party:**  a Party that receives Discovery Material from a Producing
5    Party.

6    **4.6    Producing Party:**  a Party or non-party that produces Discovery Material in
7    this action.

8    **4.7    Designating Party:**  a Party or non-party that designates information or items
9    that it produces in disclosures or in responses to discovery as Confidential or Highly
10   Confidential.

11   **4.8    Protected Material:**  any Discovery Material that is designated as Confidential
12   or as Highly Confidential.

13   **4.9    Outside Counsel:**  attorneys, and their staff who aree not employees of a Party
14   but who are retained to represent or advise a Party in this action.

15   **4.10   Qualified Expert:**  a person with specialized knowledge or experience in a
16   matter pertinent to the litigation who has been retained by a Party or its counsel to
17   serve as an expert witness or as a consultant in this action and who is not a past or a
18   current employee of a Party or of a competitor of a Party's and who, at the time of
19   retention, is not anticipated to become an employee of a Party or a competitor of a
20   Party.  In addition, a Qualified Expert must meet the requirements set forth in Section
21   7 below.  This definition includes a professional jury or trial consultant retained in
22   connection with this litigation.

23   **4.11   Professional Vendors:**  persons or entities that provide litigation support
24   services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or
25   demonstrations; organizing, storing, retrieving data in any form or medium; *etc.*) and
26   their employees and subcontractors.

27

28

3

**5      Scope**

The protections conferred by this Stipulation and Order cover not only Protected Material but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**6      Designating Protected Material**

**6.1     Exercise of restraint and care in designating material for protection:**   Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the ease development process, or to impose unnecessary expenses and burdens on other parties), may expose the Designating Party to sanctions.   No party will indiscriminately or unreasonably stamp or maintain documents as Confidential or Highly Confidential, and in no event will publicly available documents such as publications, patents, or file histories be stamped Confidential or Highly Confidential.

This Protective Order shall not apply to information which (a) is public knowledge, (b) is acquired in good faith and without subpoena from a third party having a right to disclose such information, (c) was or is discovered independently by the receiving party, or (d) is possessed by the receiving party prior to this action,

4

1  unless that information was obtained under circumstances requiring the receiving
2  party to treat it as confidential.

3        If it comes to a Party's or a non-party's attention that information or items that it
4  designated for protection do not qualify for protection at all, or do not qualify for the
5  level of protection initially asserted, that Party or non-party must promptly notify all
6  other parties that it is withdrawing the mistaken designation.

7  **6.2**    **Manner and timing of designations:**  Except as otherwise provided in this
8  Order, or as otherwise stipulated or ordered, material that qualifies for protection
9  under this Order must be clearly so designated before the material is disclosed or
10 produced.  Designation in conformity with this Order requires:

11       (a)  For information in document form (apart from transcripts of depositions or
12 other pretrial or trial proceedings), that the Producing Party affix the legend
13 Confidential or Highly Confidential at the top or bottom or any other visible area of
14 each page that contains protected material.  A Party or non-party that makes original
15 documents or materials available for inspection need not designate them for
16 protection until after the inspecting Party has indicated which material it would like
17 copied and produced.  During the inspection and before the designation, all of the
18 material made available for inspection shall be deemed Highly Confidential.  After
19 the inspecting Party has identified the documents it wants copied and produced, the
20 Producing Party must determine which documents, or portions thereof, qualify for
21 protection under this Order, then, before producing the specified documents, the
22 Producing Party must affix the appropriate legend (Confidential or Highly
23 Confidential) at the top or bottom or any other visible area of each page that contains
24 Protected Material.

25       (b)  For testimony given in deposition or in other pretrial or trial proceedings,
26 that the Party or non-party offering or sponsoring the testimony identify on the record,
27 before the close of the deposition, hearing, or other proceeding, all protected
28 testimony, and further specify any portions of the testimony that qualify as

5

1   Confidential or Highly Confidential.  When it is impractical to identify separately
2   each portion of testimony that is entitled to protection, and when it appears that
3   substantial portions of the testimony may qualify for protection, the Party or non-
4   party that sponsors, offers, or gives the testimony may invoke on the record (before
5   the deposition or proceeding is concluded) a right to have up to 21 days to identify the
6   specific portions of the testimony as to which protection is sought and to specify the
7   level of protection being asserted (Confidential or Highly Confidential).  Only those
8   portions of the testimony that are appropriately designated for protection within the 21
9   days shall be covered by the provisions of this Stipulated Protective Order.

10      The classification as Confidential or Highly Confidential information of any
11   deposition testimony or exhibits after the conclusion of the deposition shall be made
12   in writing to the reporter, with copies to all other counsel, identifying the portion(s) of
13   the transcript and/or exhibits that contain confidential information and directing the
14   reporter to mark such portion(s) of the transcript and/or exhibits accordingly. All
15   deposition transcripts and exhibits to such transcripts shall be treated as Highly
16   Confidential for 21 days after the conclusion of the deposition to allow for
17   designations per this Section.

18      Transcript pages containing Protected Material must be separately bound by the
19   court reporter, who must affix to the top of each such page the legend Confidential or
20   Highly Confidential, as instructed by the Party or non-party offering or sponsoring the
21   witness or presenting the testimony.

22      (c)  For information produced in non-document form, and for any other tangible
23   items, that the Producing Party affix in a prominent place on the exterior of the
24   container or containers in which the information or item is stored the legend
25   Confidential or Highly Confidential.  If only portions of the information or item
26   warrant protection, the Producing Party, to the extent practicable, shall identify the
27   protected portions, specifying whether they qualify as Confidential or as Highly
28   Confidential.

6

**6.3    Inadvertent failure to designate:** If timely corrected, an inadvertent failure to designate qualified information or items as Confidential or Highly Confidential does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately re-designated as Confidential or Highly Confidential after the material was initially produced, the Receiving Party, on timely written notification of the incorrect designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order, including stamping each page Confidential or Highly Confidential as designated. Failure of counsel to designate or mark any document, thing, or testimony as Confidential or Highly Confidential as provided above shall not preclude the disclosing party from thereafter in good faith making such a designation and requesting the receiving party to so mark and treat such documents and things so designated.  The receiving party, however, shall incur no liability for disclosures made prior to notice of such designations.

**7    Challenging confidentiality designations**

**7.1    Timing of challenges:** Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**7.2    Procedure:** If either Party, at any time, wishes to have the "Confidential" or "Highly Confidential" designation of any particular Confidential Documents or Information removed or changed, that Party shall first request in writing that the Party having made the designation at issue change its designation. Thereafter, the Parties shall confer to make a good faith effort to resolve the dispute. If the designating Party refuses to agree to remove or change the designation, then the designating Party may ~~make a motion~~ make a motion for a protective order and/or bring same to the attention

7

*pursuant to Local Rule 37.*

1 of the Court ~~by letter or telephonically~~. If the designating party does not file a motion

2 for a protective order ~~and/or bring same to the attention of the court by letter or~~

3 ~~telephonically~~ within ten (10) days of conferring then the designation shall be deemed

4 to be withdrawn. In making or opposing any motion relating to the designation of

5 confidential information, the party seeking to maintain a document as "Confidential"

6 or "Highly Confidential" shall bear the burden of showing that specific prejudice or

7 harm will result if no protective order is granted. Furthermore, any dispute relating to

8 this Stipulated Protective Order, or any Parties designation pursuant to paragraph 6

9 herein, must be done pursuant to Local Rule 37. At all times during the process of

10 challenging a designation, the Parties shall treat the Confidential Documents or

11 Information as originally designated until a change is agreed to or the motion is

12 decided by the Court and written notice of such decision is served on the Parties.

13    Any motion filed with respect to this Stipulated Protective Order or documents

14 labeled "Confidential" or "Highly Confidential" must comply with the local rules of

15 the United States District Court for the ~~Northern~~ *Central* District of California.

16

17 **8    Access to and use of protected material**

18 **8.1    Basic principles:** A Receiving Party may use Protected Material that is

19 disclosed or produced by another Party or by a non-party in connection with this case

20 only for prosecuting, defending, or attempting to settle this litigation. Such Protected

21 Material may be disclosed only to the categories of persons and under the conditions

22 described in this Order. The terms of this Stipulated Protective Order do not apply to

23 evidence presented at court proceedings and/or trial in this matter. Any protective

24 measures relating to Confidential or Highly Confidential information should be taken

25 up with the judicial officer conducting the particular proceeding at the appropriate

26 time. When the litigation has been terminated, a Receiving Party must comply with

27 the provisions of section 11 (Final disposition), below.

28

8

STIPULATED PROTECTIVE ORDER

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  Notwithstanding any other provision of this Order, no Highly Confidential information of the other party shall be brought onto or maintained on any premises owned or leased by, or otherwise under the control of the receiving party, whether such Highly Confidential information is intangible, magnetic, electronic, or other machine-readable form.

**8.2    Disclosure of Confidential information or items:**  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated by the opposing party as Confidential only to:

(a)  The Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation,

(b)  No more than 3 employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the Confidentiality Undertaking (Exhibit A);

(c)  Qualified expert witnesses or Qualified Consultants retained by the Parties or their counsel in connection with this action who have complied with section 7 (Disclosure to Experts or Consultants) of this Order, including signing the Confidentiality Undertaking (Exhibit A);

(d)  The Court and its personnel;

(e)  Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the Confidentiality Undertaking (Exhibit A);

(f)  During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Confidentiality Undertaking (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal

9

1  Protected Material must be separately bound by the court reporter and may not be
2  disclosed to anyone except as permitted under this Stipulated Protective Order.

3      (g) an author, signatory, or recipient of the document or the original source of
4  the information.

5      (h) the mediator selected by the Parties to mediate this action.

6  **8.3   Disclosure of Highly Confidential information or items:**  Unless otherwise
7  ordered by the court or permitted in writing by the Designating Party, a Receiving
8  Party may disclose any information or item designated by the opposing party as
9  Highly Confidential only to:

10     (a) The Receiving Party's Outside Counsel of record in this action, as well as
11 employees of said Counsel to whom it is reasonably necessary to disclose the
12 information for this;

13     (b) Qualified Expert witnesses or Qualified Consultants retained by the Parties
14 or their counsel in connection with this action who have complied with Section 7
15 (Disclosure to Experts or Consultants) of this Order, including signing the
16 Confidentiality Undertaking (Exhibit A);

17     (c) The Court and its personnel;

18     (d) Court reporters, their staffs, and professional vendors to whom disclosure is
19 reasonably necessary for this litigation and who have signed the Confidentiality
20 Undertaking (Exhibit A);

21     (e) The author, signatory, or recipient of the document or the original source of
22 the information;

23     (f) The mediator selected by the Parties to mediate this action.

24 **8.4   Additional Authorized Disclosure of Documents or Information**
25      **Designated as "Confidential"**

26     Notwithstanding anything to the contrary in paragraphs 8.2 or 8.3 above,
27 particular Confidential Documents or Information that have been designated as
28 "Confidential" may be disclosed to witnesses deposed in this action or who are called

1  as witnesses at any hearing in this action that fall into any one of the following

2  categories:

3      1. The witness is identified as an originator, signatory, author, addressee, or

4  recipient of the original or a copy;

5      2. A witness who is a current or former officer, director, employee, or Rule

6  30(b)(6) witness of the Designating Party may be shown that Designating Party's

7  Confidential Documents or Information that have been designated as "Confidential";

8  or

9      3. The witness has received the prior authorization of this Court or any other

10  tribunal of competent jurisdiction having involvement in this matter.

11  **9      Disclosure to experts or consultants**

12  **9.1.      Requirements of Qualified Expert or Qualified Consultant:** an outside (*i.e.*,

13  non-employee) expert witness or consultant of a party may become a Qualified Expert

14  or Qualified Consultant if:

15      (a)  The expert witness or consultant is first identified by the party seeking to

16  engage the expert witness or consultant ("identifying party") by written notice to the

17  other parties, which written notice shall include a brief description of the expert

18  witness or consultant's business occupation(s) and affiliation(s) for the two-year

19  period preceding the date of the notice and any relationship with the identifying party.

20  This written notice is to be served on opposing litigation counsel of record at least ten

21  business days before Confidential or Highly Confidential information is shown to the

22  expert witness or consultant.  A notice identifying a non-testifying expert or

23  consultant who will review Protected Material pursuant to this Protective Order shall

24  not result in waiver of any applicable attorney-client privilege or work-product

25  immunity

26      (b)  The expert witness or consultant is given a copy of this Protective Order;

27      (c)  The expert witness or consultant executes the Confidentiality Undertaking

28  in the form annexed to this Protective Order as Exhibit A and a copy of that executed

11

1   form is provided to the non-identifying parties with the written notice required by
2   Section 9.1(a); and
3        (d)  The non-identifying parties do not object pursuant to Section 9.2 below.
4   **9.2.   Objections to disclosure to expert witness or consultant:**  A non-identifying
5   party may object to disclosure of Protected Material to an expert witness or consultant
6   designated pursuant to Section 9.1.  The procedure for making and resolving any such
7   objection shall be as follows:
8        (a)  Any objections must be made within 7 business days after receiving all of
9   the information required by Section 9.1 above;
10        (b)  Any objection made pursuant to this Section must be in writing and state
11   the reasons for such objection;
12        (c)  After a written objection is made to an expert witness or consultant
13   receiving certain Protected Material, such Protected Material shall not be disclosed to
14   the witness or consultant until the matter is resolved by the Court or upon agreement
15   of the parties;
16        (d)  The parties shall meet and confer in a good faith effort to resolve the
17   objection.  This meet and confer shall occur within ten business days after the date the
18   identifying party receives written notice of the objection to its designation, unless the
19   parties stipulate in writing to extend the meet and confer period;
20        (e)  If the meet and confer process (Section 9.2) does not resolve the pending
21   objections to the identified expert witness or consultant, then the party objecting to the
22   identified expert witness or consultant must move the Court for a protective order ~~or~~
23   ~~bring same to the attention of the court by letter or telephonically~~ within ten (10)
24   business days after the conclusion of the meet and confer period set forth in Section
25   9.2, unless the parties stipulate in writing to extend the time within which such a
26   motion might be filed.  A failure to timely file such a motion shall operate as a waiver
27   of the objection made under this Section.  Until the parties or the Court resolves any
28   such objection, the identified expert witness or consultant shall be prohibited from

12

1  having access to the Confidential or Highly Confidential Discovery Material of the

2  objecting party.

3  **9.3     Return of Confidential or Highly Confidential information by experts and**

4  **consultants:**  Confidential or Highly Confidential information disclosed to any expert

5  or consultant may be retained by such expert or consultant provided that such expert

6  or consultant subsequently returns any and all copies of such information to the

7  designating Party promptly upon the termination of their engagement or in

8  compliance with the provisions of Section 13 (Final disposition), whichever occurs

9  sooner.

10

11  **10     Filing Protected Material**

12        Unless a Party first receives written permission from the Designating Party or a

13  court order secured after appropriate notice to all interested persons, a Party may not

14  file any Protected Material in the public record in this action.  Unless waived by the

15  designating party upon consultation with opposing counsel, no information designated

16  Confidential or Highly Confidential, nor any documents disclosing, reproducing, or

17  paraphrasing, in whole or part, Confidential or Highly Confidential information may

18  be filed or submitted to the Court unless the submission complies with the procedures

19  set forth in Local Rule 79-5 for filing documents under seal.  In addition, such

20  information shall not be filed electronically, but shall be filed in person or by mail

21  pursuant to the Court's procedures for such filing.  *Good cause must be shown*

22  *for any under seal filing.*

23

24  **11     Protected material subpoenaed or ordered produced in other litigation**

25        If a Receiving Party is served with a subpoena or an order issued in other

26  litigation that would compel disclosure of any information or items designated in this

27  action as Confidential or Highly Confidential, the Receiving Party must so notify the

28  Designating Party, in writing (by e-mail, if possible) immediately and in no event

1 more than seven business days after receiving the subpoena or order.  Such

2 notification must include a copy of the subpoena or court order.

3      The Receiving Party also must promptly inform in writing the Party who

4 caused the subpoena or order to issue in the other litigation that some or all the

5 material covered by the subpoena or order is the subject of this Protective Order.  In

6 addition, the Receiving Party must deliver a copy of this Stipulated Protective Order

7 promptly to the Party in the other action that caused the subpoena or order to issue.

8      The purpose of imposing these duties is to alert the interested parties to the

9 existence of this Protective Order and to afford the Designating Party in this case an

10 opportunity to try to protect its confidentiality interests in the court from which the

11 subpoena or order issued.  The Designating Party shall bear the burdens and the

12 expenses of seeking protection in that court of its confidential material – and nothing

13 in these provisions should be construed as authorizing or encouraging a Receiving

14 Party in this action to disobey a lawful directive from another court.

15

16 **12      Unauthorized disclosure of Protected Material**

17      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

18 Protected Material to any person or in any circumstance not authorized under this

19 Stipulated Protective Order, the Receiving Party must immediately (a) notify in

20 writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

21 to retrieve all copies of the Protected Material, (c) inform the person or persons to

22 whom unauthorized disclosures were made of all the terms of this Order, and (d)

23 request such person or persons to execute the Confidentiality Undertaking that is

24 attached hereto as Exhibit A.

25

26

27

28

14

**13    Final disposition**

Unless otherwise ordered or agreed in writing by the Producing Party, within 60 days after final termination of this litigation, counsel for each of the Parties shall destroy or return to the originating source all Confidential and Highly Confidential information including all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, outside counsel of record for each party may retain: (a) an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material;   and (b) one copy of each document or thing which such counsel deems necessary for use only with respect to issues which might later arise in matters related to this litigation, provided such counsel notify the opposing counsel of the Confidential or Highly Confidential information which is retained and the reason for such retention.   Any copies retained under (a) or (b) above that contain or constitute Protected Material remain subject to this Protective Order.

**14    Modification of this Stipulated Protective Order**

The Parties hereto may modify the terms of this Stipulated Protective Order by further stipulation.  However, any modification of this Stipulated Protective Order must be done pursuant to LOCAL RULE 37, and furthermore, no modification by the Parties shall have the force or effect of a court order unless the Court approves the modification.  Alternatively, any Party hereto may seek an order of this Court to

15

STIPULATED PROTECTIVE ORDER

1  modify the terms of this Stipulated Protective Order.  Any motion seeking such

2  modification must be served upon all counsel of record and filed in accordance with

3  this Court's filing procedures, and specifically, LOCAL RULE 37.

4

5  **15    Prior Orders**
   This Stipulated Protective Order shall not affect any prior order of this Court.
6

7

8  **16    Execution and counterpart**

9        This Stipulated Protective Order may be executed in one or more counterparts,

10 each of which shall be deemed to be an original, but all of which together shall

11 constitute one and the same instrument.  Electronically scanned signatures shall be

12 binding upon the Parties hereto and may be submitted and considered as originals.

13

14                              **Order**

15        For good cause shown, this Stipulated Protective Order, requested by the

16 parties, is hereby entered.

17

18 **IT IS SO ORDERED.**

19

20 May  2, 2010
   June

21                                                        _____
                                            United States Magistrate Judge

22

23

24

25

26

27

28
                              16

**Exhibit A**

## Confidentiality Undertaking

1. I have read and understand the attached Agreed Protective Order concerning confidential information that has been entered in *Grandway Honduras, LLC and Gloveables, Inc. v. Two Lumps of Sugar, Ltd. et al.*, Case No. CV09-6049 GHK (PLAx) in the U.S. District Court for the Central District of California.

2. I understand that I may be given access to Confidential or Highly Confidential information, and in consideration of that access, I agree that I shall be bound by all the terms of the Protective Order.

3. I understand that I am to retain all originals and copies of the Confidential or Highly Confidential information in a secure manner and that all copies will be destroyed or returned to the counsel who provided me with it within 60 days after termination of this action.

4. I understand that I will not disclose or discuss Confidential or Highly Confidential information with any persons other than counsel for any party and paralegal and clerical personnel assisting such counsel and other persons who have signed a Confidentiality Undertaking.

5. I understand that all Confidential or Highly Confidential information shall be used solely for the purposes of this action and shall not, directly or indirectly, be used for any other purpose and that any use of Confidential or Highly Confidential information, or any information obtained therefrom, in any manner contrary to the provisions of the Protective Order will subject me to the sanctions of the Court.

Date:_____    Signature:_____

Position:_____    Name (print):_____

Firm Address:_____

_____

_____

17